**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA**
RICHMOND DIVISION

IN RE  Verna Ndiaye
 Debtor

Case Number: 19-32975KRH
Chapter 13

**NOTICE OF MOTION
AND NOTICE OF HEARING**

PLEASE TAKE NOTICE THAT Verna Ndiaye, the Debtor(s), by and through counsel, has (have) filed papers with the Court to incur debt to finance mortgage defaults.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to grant the relief sought in the motion, or if you want the Court to consider your views on the Motion, then **on or before fourteen days from the date of this Notice,** you or your attorney must:

> File a response with the Court, pursuant to Local Bankruptcy Rule 9013-1(H)].  If you mail your request for hearing (or response) to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

> **Clerk of Court, US Bankruptcy Court
> 701 E. Broad Street, 4th Floor
> Richmond VA 23219**

You must also mail a copy to:

**Carl Bates
PO Box 1819
Richmond, VA 23218-1819**

H. Darden Hutson
Fresh Start Law Office PLLC
4907 Hermitage Road #205
Richmond VA 23227

**Attend the hearing scheduled to be held on April 20, 2022 at 12:00PM in Courtroom 5000 701 E Broad Street Richmond, VA 23219 (or as directed by the Clerk).  If no timely response has been filed opposing the relief requested, the court may grant the relief without holding a hearing.**

*H. Darden Hutson, VSB 29069*
*Fresh Start Law Office PLLC*
*4807 Hermitage Road #205*
*Richmond VA 23227*
*Tel 804 266 4680*
*Fax 866 455 1349*

If you or your attorney do not take these steps, the Court may decide that you don't oppose the relief sought in the Motion or Objection and may enter an Order Granting the relief.

Notice provided by:
/s/H. Darden Hutson
Bar No. 29069
Fresh Start Law Office PLLC
4807 Hermitage Road #205
Richmond VA 23227
P 804 266 4895
F 866 455 1349

                    Certificate of Service

I hereby certify that true and correct copies of the foregoing were mailed postage pre paid or hand delivered to the US Trustee, the trustee in this cause and all parties in interest this March 28, 2022.

_____

/s/H.Darden Hutson

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
RICHMOND VIRGINIA

IN RE: Verna Ndiaye

    Debtor                                   Case # 19-32975KRH
                                                        Chapter 13

**MOTION FOR AUTHORITY TO INCUR NEW DEBT**

Comes now debtor, by counsel, pursuant to 11 U.S.C. § 364, L.R. Bankr P. 6004-1 and 6004-2 and F.R. Bankr P. 9013 and moves for leave to incur new debt to cure pre and post petition defaults to PennyMac Loan Servicing (PennyMac) with funds borrowed from the U.S. Department of Housing and Urban Development (HUD) and as grounds therefore states:

1. Debtor is before the court as a Chapter 13 debtor in this case. The case was filed June 4, 2019 as a chapter 13 case and the plan confirmed August 16, 2019.

2. The debtor is in default of her pre and post petition obligation due to PennyMac for payment of the mortgage on her principal residence. Debtor has received approval and executed a promissory note and deed of trust (copy attached as Exhibit A) with and for the benefit of HUD for the funds necessary to cure such defaults in the amount of $3,519.67. The terms of the financing agreement are $3,519.67 @ 0% interest with no monthly payment and principal due upon sale, refinance or upon the first mortgage held by PennyMac coming due by its terms.

3. Upon the granting of this motion, PennyMac shall withdraw its filed Proof of Claim and the trustee is relieved of the obligation to pay such claim. Further the Motion for Relief filed by PennyMac will be moot.

*H. Darden Hutson, VSB 29069*
*Fresh Start Law Office pllc*
*4807 Hermitage Road #205*
*Richmond VA 23227*
*804 266 4680*
*hdhlaw@fslo.com*

WHEREFORE debtor prays that she be given leave to incur new debt as described above and for such further relief as the court may deem just.

                                                        Verna Ndiaye
                                                        By Counsel

By:/s/ H. Darden Hutson
Bar no. 29069
Fresh Start Law Office PLLC
4807 Hermitage Road #205
Richmond VA 23227
T 804 266 4680
F 866 455 1349

                                           Certificate of Service

I hereby certify that true copies of the foregoing were mailed to the chapter 13 trustee and all parties in interest per the attached matrix or sent via the electronic notice list this March 28, 2022.
/s/H. Darden Hutson

Exhibit A

# VIRGINIA DEED OF TRUST

LOAN NO.: 8-15697409

After recording please return to:
ServiceLink
Attn: Loan Modification Solutions
3220 El Camino Real
Irvine, CA  92602

Prepared by:
PennyMac Loan Services, LLC
Jay Botello
6101 Condor Drive, Suite 200
Moorpark, CA  93021

Exemption Code:   308 US.21

Borrower(s):
**VERNA NDIAYE**

Lender:
**Secretary of Housing and Urban Development**

Trustee:
**Tracy Horstkamp**

Property Address:
**6205 CHECKERBERRY DRIVE, HENRICO, VA 23231**

Parcel Identification No.: **802-705-8683**

Consideration:  **$3,519.67**

---

Virginia Deed of Trust -Single Family

Page 1 of 6

19028VA 06/19



Parcel Identification No.: 802-705-8683
After recording please return to:
SERVICELINK
ATTN: LOAN MODIFICATION SOLUTIONS
3220 EL CAMINO REAL
IRVINE, CA 92602

Prepared by:
PENNYMAC LOAN SERVICES, LLC
JAY BOTELLO
6101 CONDOR DRIVE, SUITE 200
MOORPARK, CA 93021

_____ [Space Above This Line For Recording Data] _____

LOAN NO.: 8-15697409

Investor Case No. 544-1861807

Investor Loan No: 0220571209
85192

# VIRGINIA DEED OF TRUST

The following information, as further defined below, is provided in accordance with Virginia law:

This Deed of Trust is given by **VERNA NDIAYE** as Borrower (trustor), to **TRACY HORSTKAMP**, as Trustee, for the benefit of Secretary of Housing and Urban Development, as beneficiary.

THIS DEED OF TRUST ("Security Instrument") is given on **January 31, 2022**. The Borrower is **VERNA NDIAYE**
Whose address is **6205 CHECKERBERRY DRIVE, HENRICO, VA 23231**
("Borrower"). This Security Instrument is given to the Secretary of Housing and Urban Development, and whose address is 451 Seventh Street, SW, Washington, DC 20410 ("Lender"). Trustee is **Tracy Horstkamp**. Trustee (whether one or more persons) is a Virginia resident and/or a United States- or Virginia-chartered corporation whose principal office is located in Virginia. Trustee's address is **1184 Hawling Place SW, Leesburg, VA 20175**.
Borrower owes Lender the principal sum of **Three Thousand Five Hundred Nineteen and 67/100ths** Dollars (U.S. **$3,519.67**). This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for the full debt, if not paid earlier, due and payable on **October 1, 2047**. This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, advanced under Paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, warrant, grant and convey to the Lender, with the power of sale the following described property located in **HENRICO** County, Virginia:

**SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF:**

which has the address of **6205 CHECKERBERRY DRIVE, HENRICO, VA 23231**, ("Property Address");

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

Virginia Deed of Trust -Single Family         Page 2 of 6         19028VA 06/19



BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances or record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant agree as follows:

UNIFORM COVENANTS.

1. **Payment of Principal.** Borrower shall pay when due the principal of the debt evidenced by the Note.

2. **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

3. **Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the term of this Security Instrument or the Note without that Borrower's consent.

4. **Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to: Department of Housing and Urban Development, Attention: Single Family Notes Branch, 451 Seventh Street, SW, Washington, DC 20410 or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

5. **Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

6. **Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:



7. **Acceleration; Remedies.** If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 4 of the Note, Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. § 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the **Secretary** of any rights otherwise available to a Secretary under this paragraph or applicable law.

Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in the Note of this Security Instrument. The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 7, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender or Trustee shall give to Borrower, the owner of the Property, and all other persons, notice of sale as required by Applicable Law. Trustee shall give public notice of sale by advertising, in accordance with Applicable Law, once a week for two successive weeks in a newspaper having general circulation in the county or city in which any part of the Property is located, and by such additional or any different form of advertisement the Trustee deems advisable. Trustee may sell the Property on the eighth day after the first advertisement or any day thereafter, but not later than 30 days following the last advertisement. Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by advertising in accordance with Applicable Law. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property with special warranty of title. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to discharge the expenses of executing the trust, including a reasonable commission to Trustee; (b) to discharge all taxes, levies, and assessment, with costs and interest if these costs have priority over the lien of this Security Instrument, including the due pro rata thereof for the current year; (c) to discharge in the order of their priority, if any, the remaining debts and obligations secured by this Security Instrument, and any liens of record inferior to this Security Instrument under which sale is made, with lawful interest; and, (d) the residue of the proceeds shall be paid to Borrower or Borrower's assigns. Trustee shall not be required to take possession of the Property prior to the sale thereof or to deliver possession of the Property to the purchaser at the sale.

8. **Release.** Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to release this Security Instrument and shall surrender all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall release this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

9. **Substitute Trustee.** Lender, at its option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by Applicable Law.

---

Virginia Deed of Trust -Single Family     Page 4 of 6     19028VA 06/19



## REQUEST FOR NOTICE OF DEFAULT AND FORECLOSURE UNDER SUPERIOR MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Security Instrument to give notice to Lender, at Lender's address set forth on page one of this Security Instrument, of any default under the superior encumbrance and of any sale or other foreclosure action.

NOTICE: THE DEBT SECURED HEREBY IS SUBJECT TO CALL IN FULL OR THE TERMS THEREOF BEING MODIFIED IN THE EVENT OF SALE OR CONVEYANCE OF THE PROPERTY CONVEYED.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

_____    Date: 3/9/2022
Borrower    - VERNA NDIAYE

## ACKNOWLEDGMENT

State of Virginia    §
County of Henrico    §
    §

The foregoing instrument was acknowledged before me on March 9, 2022 by VERNA NDIAYE.

Signature of Person Taking Acknowledgment
Jacqueline Evans
Printed Name
Notary Public
Title or Rank
Serial Number, if any: 237105
My Commission Expires: 8/31/24

(Seal)

Jacqueline Evans
Notary Public
Commonwealth of Virginia
237105
My Commission Expires May 31, 2024

Virginia Deed of Trust -Single Family    Page 5 of 6    19028VA 06/19



Loan Originator Organization: PennyMac Loan Services, LLC, NMLSR ID: 35953
Individual Loan Originator's Name NMLSR ID: N/A

# EXHIBIT A

BORROWER(S): VERNA NDIAYE

LOAN NUMBER: 8-15697409

LEGAL DESCRIPTION:

STATE OF VIRGINIA, COUNTY OF HENRICO, AND DESCRIBED AS FOLLOWS:

ALL THAT CERTAIN LOT, PIECE OR PARCEL OF LAND, AND APPURTENANCES THEREUNTO BELONGING, LYING AND BEING IN HENRICO COUNTY, VIRGINIA, DESIGNATED AS LOT 18, BLOCK Q, SECTION D, FOXBORO NORTH, AS SHOWN ON A PLAT ENTITLED "FOXBORO NORTH, SECTION D", DATED SEPTEMBER 18, 1978, BY BREMNER, YOUNGBLOOD & KING, INC., CONSULTING ENGINEERS, RECORDED APRIL 20, 1979, IN THE CLERK'S OFFICE, CIRCUIT COURT, HENRICO COUNTY, VIRGINIA, IN PLAT BOOK 70, PAGE 2, REFERENCE TO WHICH PLAT IS MADE FOR A MORE PARTICULAR DESCRIPTION THEREOF.

Parcel Identification No.: 802-705-8683

ALSO KNOWN AS: 6205 CHECKERBERRY DRIVE, HENRICO, VA 23231

Virginia Deed of Trust -Single Family    Page 6 of 6    19028VA 06/19



FHA Case #: 544-1861807

LOAN NO.: 8-15697409

Investor Loan No: 0220571209
85192

# VIRGINIA NOTE
## (Secondary Lien)

January 31, 2022      HENRICO               VIRGINIA
[Date]                [City]                [State]

6205 CHECKERBERRY DRIVE, HENRICO, VA 23231
[Property Address]

Parcel Identification No.: 802-705-8683

## 1. PARTIES

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Secretary" means the Secretary of Housing and Urban Development and its successors and assigns.

## 2. BORROWER'S PROMISE TO PAY

In return for a loan received from Lender, Borrower promises to pay the principal sum of **Three Thousand Five Hundred Nineteen and 67/100ths** Dollars (U.S. **$3,519.67**), to the order of the Lender.

## 3. PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses, which might result if Borrower defaults under this Note.

## 4. MANNER OF PAYMENT

(A) Time

The amount in Section 2 is due when any one of the following occurs first:
(i) **October 1, 2047**, the maturity date of the primary loan guaranteed under the Section 184A program;
(ii) Borrower's full prepayment of all amounts due under the primary Note and related mortgage, deed of trust, or similar security instrument insured by the Secretary;
(iii) The primary Note and related mortgage, deed of trust, or similar security instrument are no longer insured by the Secretary; or
(iv) When the property is no longer occupied by the Borrower.

---

**VirginiaPartial ClaimNote**—Single Family—Secondary Lien                Page 1 of 2                49330VA 06/19



(B) Method

Payment shall be made electronically through the Pay.gov portal (www.pay.gov) for the benefit of the U.S. Department of Housing and Urban Development, Office of Native American Programs, (https://www.pay.gov/public/form/start/39404959).

## 5. BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

## 6. WAIVERS BY BORROWER

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 7. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____        Date: 3 / 9 / 2022
Borrower     - VERNA NDIAYE

**Loan Originator Organization:** PennyMac Loan Services, LLC, NMLSR ID: 35953
**Individual Loan Originator's Name NMLSR ID:** N/A

VirginiaPartial ClaimNote—Single Family—Secondary Lien      Page 2 of 2      49330VA 06/19



| | | |
|---|---|---|
| Label Matrix for local noticing<br>0422-3<br>Case 19-32975-KRH<br>Eastern District of Virginia<br>Richmond<br>Tue Jul  2 12:11:33 EDT 2019 | Capital One Auto Finance, a division of Capi<br>4515 N Santa Fe Ave. Dept. APS<br>Oklahoma City, OK 73118-7901 | PENNYMAC LOAN SERVICES, LLC<br>BWW Law Group, LLC<br>8100 Three Chopt Road, Suite 240<br>Richmond, VA 23229-4833 |
| United States Bankruptcy Court<br>701 East Broad Street<br>Richmond, VA 23219-1888 | Capital One Auto Finance, a division of<br>AIS Portfolio Services, LP<br>4515 N Santa Fe Ave. Dept. APS<br>Oklahoma City, OK 73118-7901 | Citi/Sears<br>Citibank/Centralized Bankruptcy<br>Po Box 790034<br>St Louis, MO 63179-0034 |
| Commonwealth of Virginia<br>Department of Taxation<br>Offie of Compliance<br>PO Box 27407<br>Richmond, VA 23261-7407 | Commonwealth of Virginia TACS<br>PO Box 2156<br>Richmond, VA 23218-2156 | Deptartment Store National Bank/Macy's<br>Attn: Bankruptcy<br>9111 Duke Boulevard<br>Mason, OH 45040-8999 |
| Kohls/Capital One<br>Attn: Bankruptcy<br>Po Box 30285<br>Salt Lake City, UT 84130-0285 | NYS Higer Education Services Corp<br>PO box 645189<br>Cincinnati, OH 45264-5189 | Pennymac Loan Services<br>Correspondence Unit/Bankruptcy<br>Po Box 514387<br>Los Angeles, CA 90051-4387 |
| Synchrony Bank/Lowes<br>Attn:  Bankruptcy<br>Po Box 965060<br>Orlando, FL 32896-5060 | Wells Fargo Bank<br>Attn: Bankruptcy<br>Po Box 10438<br>Des Moines, IA 50306-0438 | Wells Fargo Bank<br>Mac F823f-02f<br>Po Box 10438<br>Des Moines, IA 50306-0438 |
| Carl M. Bates<br>P. O. Box 1819<br>Richmond, VA 23218-1819 | H. Darden Hutson<br>Fresh Start Law Office Pllc.<br>4807 Hermitage Road<br>#205<br>Richmond, VA 23227-3335 | John P. Fitzgerald, III<br>Office of the US Trustee - Region 4 -R<br>701 E. Broad Street, Ste. 4304<br>Richmond, VA 23219-1849 |
| Verna Ndiaye<br>6205 Checkerberry Drive<br>Henrico, VA 23231-4717 | | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (d)Capital One Auto Finance, a division of Ca<br>4515 N Santa Fe Ave. Dept. APS<br>Oklahoma City, OK 73118-7901 | End of Label Matrix<br>Mailable recipients    18<br>Bypassed recipients     1<br>Total                  19 | |